**Rosario F. PRIOLO, et al., Plaintiffs,**

v.

**EL SAN JUAN TOWERS HOTEL, et al., Defendants.**

Civ. No. 82–2805 HL.

United States District Court,
D. Puerto Rico.

Nov. 18, 1983.

Ramón Humberto Vargas, Calderon, Rosa Silva & Vargas, Hato Rey, P.R., for plaintiffs.

Francisco J. Colón Pagán, Cordero, Colón & Miranda, Old San Juan, P.R., for Eagle Star Ins. Co.

ORDER

LAFFITTE, District Judge.

Plaintiffs, citizens of the State of New York, brought this action for damages allegedly suffered at El San Juan Towers Hotel, when they were assaulted at gunpoint and robbed of their possessions while in their room. On March 3, 1983, the

Court, at defendant Eagle Star Insurance Company's request, ordered each plaintiff to post a non-resident bond in the amount of $250.00. Plaintiff Rosario F. Priolo complied. Defendants Vincent Oliva and Larry Frange ignored the court's order. Plaintiffs failed to appear for the taking of depositions scheduled on July 19, and notified on June 15, 1983.

On September 8, 1983, the Court granted plaintiffs counsel's request to withdraw from the case and entered an order granting plaintiffs until October 6, 1983—the date previously set for a pretrial—to retain substitute counsel and to notify the Court accordingly within said time period.

On October 5, plaintiff Lawrence Frange, *pro se*, filed a motion of dismissal without prejudice. At the pretrial none of the plaintiffs appeared. In view of the above the Magistrate issued a report recommending that this case be dismissed without prejudice, and granting the parties ten days to file objections. Defendant Eagle Star Insurance Company promptly filed its opposition alleging, *inter alia*, that an identical suit was pending in the Commonwealth courts. Eagle also filed an opposition to plaintiff Frange's motion to dismiss without prejudice on the same grounds and further alleging that a dismissal without prejudice would enable plaintiffs to file a third law suit thereby causing defendant to incur in additional expenses; ' that said plaintiff had indeed threatened to file an action in New York unless his claim is settled promptly.

■ Meanwhile, on September 28, 1983, the Superior Court, San Juan Part, dismissed plaintiffs' complaint for failure to post a non-resident bond pursuant to Rule 69.5 of the Puerto Rico Rules of Civil Procedure.* Rule 39.2 of the Puerto Rico Rules further provides that a dismissal for failure to prosecute or for failure to comply with said rules or any order of the Court shall operate as an adjudication upon the merits, unless the court otherwise specifies. An examination of the Superior Court's judgment does not reveal that the Court specified that the dismissal was to be without prejudice. Consequently, said dismissal militates as an adjudication on the merits against plaintiffs. *Souchet v. Cosio*, 83 PRR 730, 734–735 (1961); *Perez v. Bauza*, 83 PRR 213, 216–218 (1961); *Cesani v. Carlo*, 86 PRR 385, 389 (1962). As stated in *Kremer v. Chemical Const. Corp.*, 464 F.Supp. 468, 471–472 (1978):

> "The principles of collateral estoppel and *res judicata* are made applicable to federal courts with respect to prior state court judgments by 28 USC 1738. That statute obligates the federal courts to give full faith and credit to judgments of state courts of competent jurisdiction. The federal court, however, need only give that state judgment the same effect as it would be given in the state in which it was rendered. *Mitchell v. National Broadcasting Co.*, 553 F.2d [265] at 274 [2nd Cir.1977]. Ordinarily, this requires an analysis of the *res judicata* effect of the state court proceedings within the state and an examination of the local law of *res judicata* and collateral estoppel. *Winters v. Levine*, 574 F.2d [46] at 52 [2nd Cir.1978]."

■ On October 13, 1981, plaintiffs Salvatore Cannucci, Vincent Oliva and Larry Frange filed a complaint for damages against El San Juan Towers Hotel, San Juan Corp., and John Doe Insurance Co., Inc., before the Superior Court, San Juan Part, Civil 81–5377. Plaintiffs alleged that while they were occupying a hotel room, as guests thereof, they were assaulted by unknown persons. The plaintiffs and the de-

---

* Rule 69.5, 32 LPRA App. III, provides:

"When the plaintiff resides outside of Puerto Rico or is a foreign corporation, a bond shall be required to secure the costs, expenses, and attorney's fees which may be awarded. All proceedings in the action shall be stayed until bond is given, which shall not be less than one thousand dollars. The court may require an additional bond upon a showing that the original bond is not sufficient security, and stay the proceedings in the action until such additional bond is given.

"After the lapse of 90 days from the service of the order requiring bond or additional bond, without the bond having been given, the court shall dismiss the action."

fendants there are the same as here, except for the addition of San Juan Hotel Corp. as a party defendant. The cause of action is the same and predicated on the same facts. Accordingly, there exists an identity of parties, and of the claims between this and the former suit in the Superior Court. Pursuant to *Costas Purcell v. Superior Court,* 88 PRR 10, 16–18 (1963), a dismissal of a case because of lack of prosecution or abandonment of the parties constitutes an adjudication upon the merits and, therefore, is *res judicata.* See also, Article 1204 of the Civil Code, 31 LPRA 3343. Because a dismissal for failure to comply with a non-resident bond order operates under Puerto Rico law as an adjudication on the merits, unless the trial court otherwise specifies, and therefore, as *res judicata,* the Court has no choice but to dismiss this case with prejudice.

██ There are, however, other grounds to dismiss the complaint with prejudice. Plaintiffs failed to appear for depositions and for the pretrial hearing. They ignored the Court's order to retain new counsel and except for plaintiff Priolo, they failed to post the non-resident bond. Plaintiffs' conduct brings this case within the ambit of FRCP 41(b) for failure to prosecute. *Corchado v. Puerto Rico Marine Management, Inc.,* 665 F.2d 410 (1st Cir.1981); *Zavala Santiago v. Gonzalez Rivera,* 553 F.2d 710 (1st Cir.1979); *Damiani v. Rhode Island Hospital,* 704 F.2d 12 (1st Cir.1983).

It is hereby ORDERED that the complaint be dismissed with prejudice.