Carlos A. ESTEVES, et al., Plaintiffs,

v.

Pedro ORTIZ ALVAREZ, et al., Defendants.

Civ. No. 87–1230 HL.

United States District Court,
D. Puerto Rico.

Feb. 12, 1988.

Victor E. Baez and Jose A. Gallart, Hato Rey, P.R., for plaintiffs.

Jose R. Garcia Perez, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiffs' claim for a preliminary injunction was consolidated with plaintiffs' claim for a permanent injunction and declaratory judgment by Court order dated October 30, 1987. Defendants were served with a summons and copy of the complaint on October 13, 1987 but did not file a responsive pleading until November 25, 1987, when they moved for dismissal. Plaintiffs never objected to the delay, and, in turn, delayed opposing defendants' motion to dismiss until December 18, 1987.

Plaintiffs' complaint alleges a deprivation under color of law of their constitutional right to due process. 42 U.S.C. sect. 1983. Plaintiffs allege that codefendant Pedro Ortiz Alvarez, the Secretary of the Department of Consumer Affairs ("DACO") fined coplaintiff corporation Coral Gables Credit Corp. ("Coral Gables"), for which coplaintiff is president,[1] in excess of the statutory maximum, and proceeded to enforce the fine by filing suit in Superior Court rather than District Court, also in violation of the statute. The judge presiding over the case in Superior Court is a named codefendant. Plaintiffs ascribe a property interest to the money they must pay to satisfy the illegal fine and a potential liberty deprivation to coplaintiff Esteves should he fail to so pay.

Plaintiffs' legal predicament began on March 5, 1986 when, pursuant to an administrative investigation conducted by DACO in August 1985, it was determined by DACO that Coral Gables had engaged in misleading advertising, as defined in Article 19 of the "Department of Consumer Affairs Organic Act," Public Law No. 5, April 23, 1973, 3 L.P.R.A. 341r,[2] and Article 9 of the Regulations to Forbid Deceiving Ads and Practices in Business. Accordingly, the Secretary fined plaintiff $5,000. Plaintiffs' request for reconsideration[3] of the agency's finding was denied as untimely. A petition for review by the Superior

---

1. There is no dispute as yet over coplaintiff Esteves' standing to sue.

2. 341r. Prohibited acts
   Every type or kind of act, practice, advertisement or publicity which constitutes or tends to constitute fraud and/or deceit and/or misrepresentation on the brand, price, amount, size, quality, guaranty or salubrity of a product, article or service is hereby prohibited.

Any violation of this section shall constitute a public offense, and each day the same violation is incurred in shall be considered a separate offense. In case of conviction, there shall be imposed imprisonment in jail for a term of not less than six (6) months, or a fine up to a maximum of five hundred (500) dollars, or both penalties in the discretion of the court.

3. 3 L.P.R.A. sect. 341o.

Court was dismissed for lack of jurisdiction.[4] For his part, the Secretary instituted a civil action to enforce the administrative fine. Plaintiffs' motion for dismissal of this enforcement action was denied by the Superior Court, and a petition for certiorari to the Puerto Rico Supreme Court for review of the denial of the motion to dismiss was also denied.

Plaintiffs then initiated this action. Defendants move to dismiss the complaint on the grounds, among others, that plaintiffs' claim is barred by res judicata and collateral estoppel. Plaintiffs oppose.

▪ It is well settled that res judicata applies in civil rights actions. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Griffin v. State of Rhode Island*, 760 F.2d 359 (1st Cir. 1985); *Isaac v. Schwartz*, 706 F.2d 15 (1st Cir.1983). In general, the doctrines of res judicata and collateral estoppel serve important purposes. They prevent the waste of judicial and party resources through vexatious and multiple lawsuits and encourage the rendering of consistent, reliable adjudications. While the two doctrines have differences, it is important to remember that they are related and many concepts are applicable to both doctrines. There are differences, however. Res judicata refers to claim preclusion, and prevents the same parties from relitigating claims which have been adjudged finally on the merits. Collateral estoppel is related to res judicata, but its focus is narrower and its preclusive effect wider. Referred to as issue preclusion, this doctrine prevents relitigation in a later suit of an issue of fact or law necessary to a final judgment in a prior suit on a different cause of action. The narrower focus is on specific issues, rather than entire claims or causes of action. A potentially wider scope of preclusion exists, though, because under certain circumstances, preclusion may be invoked by one not a party to the prior litigation.

State court decisions are to be given the same preclusive effect, or "full faith and credit," in federal courts as they retain "by law or usage in the courts of such state." 28 U.S.C. 1738. Puerto Rico's res judicata standard appears in Article 1204 of the Civil Code, 31 L.P.R.A. sect. 3343.

In order that the presumption of res judicata may be valid in another suit, it is necessary that, between the case decided by the sentence, and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such.

While the statute refers only to res judicata and "the most perfect identity between ... causes" the Supreme Court of Puerto Rico has recognized the operation of the doctrine of collateral estoppel where the issues and parties are the same. *Pereira v. Hernandez*, 83 P.R.R. 156, 161 n. 7 (1961). *See also, Schneider v. Colegio De Abogados De Puerto Rico*, 670 F.Supp. 1098, 1104 (D.P.R.1987).

▪ In Puerto Rico, the broader form of res judicata is applied. This means that issues which could have been litigated and adjudicated in a previous suit, as well as those actually litigated and adjudicated, cannot be relitigated in a later suit. *Mercado Riera v. Mercado Riera*, 100 P.R.R. 939 (1972). The broad form does not extend, however, to collateral estoppel. Parties may be collaterally estopped only from litigating issues actually litigated previously. *Schneider*, supra, at 1104.

▪ Under the terms of the statute defining res judicata, there must be identity between "things" and "causes." "The thing corresponds to the object or matter over which the action is exercised." "Cause" means "the principal basis, the origin of the actions or exceptions raised and decided," and it must not be confused with the means of proof or with the legal grounds of the claims adduced by the parties. *Lausell Marxuach v. Diaz De Yañez*, 103 D.P.R. 533, 536 (1975). Under these

**4.** 3 L.P.R.A. sect. 341p provides for judicial review of <u>decisions in reconsideration</u> (underline added).

standards the "thing" at issue in this case is the fine which was levied upon plaintiff. The "cause" is plaintiffs' obligation to pay the fine under the statute. The cause is not the particular legal grounds upon which plaintiff makes his claim, sect. 1983. The cause in the prior action in local court for reconsideration of DACO's administrative decision was the obligation under the statute to pay the fine, the identical cause as in the case at bar. Note that the legal grounds are not necessarily identical. As a matter of fact, the Court has not been informed of the precise legal grounds under which plaintiffs previously stated their claim in local court.

■ The statute also requires identity of "persons," or parties. Defendants are the Secretary of DACO and the Superior Court judge before whom plaintiff sought reconsideration. The Secretary was a party to the prior suit from its inception. There is identity of his person. The Superior Court judge was added as a defendant when plaintiff appealed the judge's order of dismissal. This is a common formality of appeal before the Supreme Court of Puerto Rico. The judge really does not have an independent interest in the case. Coplaintiff Carlos A. Esteves also did not appear in the original complaint before the local court, only Coral Gables appeared. Yet Esteves is included in this action merely on account of his capacity as president of Coral Gables, clearly falling into the statutory requirement of identity between the "persons of the litigants, and their capacity as such." Both plaintiffs have identical interests.

■ The identities of the persons, things, and causes between the instant suit and the action instituted by Esteves having been found, the Court must now consider the finality of the prior action. The action in local court seeking review of DACO's imposition of the fine, was dismissed for lack of jurisdiction. It is the rule in Puerto Rico that "the defense of res judicata cannot be validly sustained [where] the action previ-

ously dismissed was untimely filed." *De Jesus Borrero v. Guerra Guerra,* 105 D.P. R. 207 (1976). Coral Gables' prior, local suit was dismissed for lack of jurisdiction before the merits were addressed. Because DACO denied Coral Gables' request for reconsideration of its decision due to the lateness of the request, 3 L.P.R.A. sect. 341o, the Superior Court dismissed Coral Gables' request for judicial review. The Superior Court lacked jurisdiction because 3 L.P.R.A. sect. 341p only provides for review of "decision[s] in reconsideration." It has been held that, under Federal Rule of Civil Procedure 41(b), all dismissals, except those for lack of jurisdiction, are adjudications on the merits. *Priolo v. El San Juan Towers Hotel,* 575 F.Supp. 208 (D.P. R.1983); *Rodriguez v. Baldrich,* 508 F.Supp. 614 (D.P.R.1981). Therefore, the prior suit dismissed for lack of jurisdiction has no preclusive effect on the instant suit.

■ The same cannot be said in regard to the enforcement action brought by the Secretary of DACO against Coral Gables. In that action Coral Gables sought to dismiss the enforcement action on the merits. The Superior Court denied the motion. A petition for writ of certiorari was denied by the Supreme Court. Though it is not clear on the record whether the enforcement action in Superior Court has concluded or whether the petition for a writ of certiorari was interlocutory in nature,[5] it appears that the issue of statutory interpretation has been decided finally by the local courts. It has been decided that under the statute that DACO may fine Coral Gables $5,000 and enforce the fine in Superior Court.

In the case at bar plaintiffs allege a violation of sect. 1983 through a deprivation of due process consisting of defendants' deliberate misinterpretation of the statute which allegedly only allows for a maximum fine of $500 and enforcement in District Court. But the Superior Court has already decided that the statute has not been misinterpreted. Therefore, plaintiffs are collaterally estopped from relitigating

---

**5.** If the state enforcement action is pending, the instant suit may very well be subject to the strictures of *Younger*-type abstention.

the interpretation issue. The parties and the thing—the fine—are identical in the two actions. Though the causes differ—here, Coral Gables is the plaintiff seeking to avoid the fine, whereas in the local action DACO was the plaintiff seeking to collect the fine—the issue is identical and was actually litigated, decided, and necessary to the judgment in the local action. The Court is bound by the full faith and credit clause to give preclusive effect to the decisions of Commonwealth courts.

Section 1983 does not operate as a device to collaterally attack adverse decisions in state court. As long as plaintiff was accorded a full and fair opportunity to litigate an issue in state court, the doctrine of collateral estoppel applies to sect. 1983 claims brought in federal court. *Allen v. McCurry, supra.*

WHEREFORE, defendants' motion to dismiss the complaint is GRANTED. The Clerk shall enter judgment dismissing the complaint.

IT IS SO ORDERED.