**Mario Miguel RAMIREZ ZAYAS, et al., Plaintiffs,**

v.

**Commonwealth of PUERTO RICO, et al., Defendants.**

**Civil No. 02–2418 (SEC/GAG).**

United States District Court, D. Puerto Rico.

Nov. 30, 2005.

Nora Vargas–Acosta, Charles S. Hey–Maestre, De Jesus, Hey & Vargas Law Office, San Juan, PR, for Plaintiffs.

Eduardo A. Vera–Ramirez, Eileen Landron–Guardiola, Luis A. Rodriguez–Munoz, Landron & Vera LLP, Guaynabo, PR, Nelson Rochet–Santoro, NR Rochet Law Office, Patricia Lorenzi, Delgado & Fernandez, Miriam R. Ramos–Grateroles, Miriam Ramos Grateroles, Patricia Lorenzi, Delgado & Fernandez, Katherine Gonzalez–Valentin, United States Attorney's Office, San Juan, PR, Frederic Chardon–Dubos, Frederic Chardon Dubos Law Office, Moca, PR, for Defendants.

Eduardo Ayala–Torres, Hato Rey, PR, pro se.

## OPINION AND ORDER

GELPI, United States Magistrate–Judge.

This matter is before the court on plaintiffs' motion for partial summary judgment. Plaintiffs Mario Miguel Ramirez–Zayas ("Mario Miguel"), Mario Ramirez–Sendra ("Ramirez"), Haydee Zayas–Rosario ("Zayas") and Carmen Haydee Rosario–Rivera ("Rosario") bring forth an action against defendants alleging violations under 42 U.S.C. § 1983, the Fourteenth Amendment of the U.S. Constitution, Title IX of the Education Act of 1972, the Rehabilitation Act of 1973, and Title II of the Americans with Disabilities Act, as well as other supplementary claims. Plaintiffs seek damages, permanent injunctive relief, and declaratory judgment against the Commonwealth of Puerto Rico Department of Education; Dr. Cesar Rey–Miranda, in his official capacity as Secretary of Education; Elizabeth Ortega, Regional Supervisor of Special Education; and Edgar Ivan Rivera–Lugo ("Rivera–Lugo"). After reviewing the pertinent law, the court concludes that partial summary judgment must be **GRANTED** in part and **DENIED** in part.

### I. Summary Judgment Standard[1]

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, to-

---

1. The court notes that plaintiffs duly complied     with Local Rule 56(b). While defendants did

gether with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To succeed in a motion for summary judgment, the moving party must show that there is an absence of evidence to support the nonmoving party's position. *See Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must view the record and all reasonable inferences in the light most favorable to the party opposing summary judgment. *See* Fed. R. Civ. P 56(e).

In the context of a summary judgment motion based on the doctrine of collateral estoppel[2], summary judgment is appropriate when all the requirements of both the application of issue preclusion and procedure of summary judgment are met. *Id.;* James WM Moore, *Moore's Federal Practice* vol. 18, § 132.05[7], 184 (3d ed., Lexis-Nexis 2005).

## II. Procedural History and Relevant Background Information

On September 18, 2002, plaintiffs commenced this action. The complaint was later amended on November 8, 2002. (Docket No. 2). The instant action arises from allegations that during 2001, Rivera–Lugo abused Mario Miguel while serving as his home-schooling teacher. (*See* Docket No. 108, ¶ 6). The following are facts not in dispute.

Mrs. Zayas, Mario Miguel's mother, having suspicions that Rivera–Lugo was abusing her son, purchased a surveillance camera and hid it in Mario Miguel's room. (*See* Docket No. 125, ¶ 12). Through surveillance, Mrs. Zayas and Mrs. Rosario, Mario Miguel's grandmother, were able to witness several acts of abuse on Mario Miguel by Rivera–Lugo. (*See* Docket No. 125, Exh. 4, Rosario depo. p. 149, lines 3–14). During that year, criminal charges were filed against Rivera–Lugo. (*See* Docket. No. 108, ¶ 8). Specifically, Rivera–Lugo was charged with lascivious acts, in violation of P.R. Laws Ann. tit. 33, § 4067, and institutional abuse, in violation of P.R. Laws Ann. tit. 8, § 443q. (*See* Docket No. 108, ¶ 9). During the trial, the charge of lascivious acts was "reclassified" to aggravated assault, P.R. Laws Ann. tit. 33, §§ 4031 & 4032. (*See* Docket No. 108, ¶ 10). On May 21, 2002, after a bench trial, Rivera–Lugo was found guilty of two counts of misdemeanor aggravated assault and two counts of institutional abuse. (*See* Docket No. 108, ¶ 11). Rivera–Lugo was sentenced to six months for each count to be served concurrently and was given the benefit of a suspended sentence. (*See*

---

not fully comply with Local Rule 56(c), the court finds that their "Statement of Facts in Support of Opposition to Motion for Partial Summary Judgment" is sufficiently adequate.

**2.** In the memorandum in support of their motion, plaintiffs use the doctrines of *res judicata* and collateral estoppel interchangeably. In fact, *res judicata* and collateral estoppel are two different doctrines—claim preclusion and issue preclusion respectively. Given that plaintiffs almost exclusively discuss collateral estoppel, the court only conducts its analysis in the context of issue preclusion. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Docket No. 108, ¶ 12). The sentencing portion of the judgment was later appealed and found to be an abuse of discretion by the Puerto Rico Supreme Court. (*See* Docket No. 108, ¶ 14). At no time has the actual conviction on the counts of aggravate assault or institutional abuse been appealed. (*See* Docket No. 108, ¶ 15). The convictions stand final and unappealable in the Puerto Rico courts. (*See id.*).

On September 30, 2005, plaintiffs filed their motion for summary judgment, along with a separate statement of uncontested facts. (Docket Nos. 106 & 108 respectively). In support of their motion, plaintiffs argue that summary judgment is appropriate given that Rivera–Lugo was convicted of aggravated assault against Mario Miguel, as well as, institutional abuse. On November 1, 2005, defendants filed their opposition to the motion for summary judgment, along with a separate statement of contested facts. (Docket Nos. 124 & 125 respectively). Defendants argue, *inter alia*, that plaintiffs' assertions run counter to the Federal Rules of Evidence, Rivera–Lugo was not convicted of sexual molestation as alleged in the complaint, and collateral estoppel does not apply.

### III. Legal Analysis

Plaintiffs in this case seek to preclude defendants from "discovering or presenting at trial, any facts concerning the manner, place and time in which the crimes were committed" against Mario Miguel, or from otherwise attacking Rivera–Lugo's convictions. Aside from requesting that the court bar defendants from re-litigating the facts on which the convictions were based, plaintiffs also request that the court find Lugo liable to plaintiffs for any and all damages caused to them by his acts. As discussed below, plaintiffs bear the burden of providing the court with sufficient evidence to identify the issues from the prior proceedings. If plaintiffs meet their burden, summary judgment is appropriate.

### A. Offensive Collateral Estoppel & Puerto Rico Law

■ By federal statute, "judicial proceedings of any court of any ... State, Territory or Possession ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State, Territory or Possession." 28 U.S.C. § 1738 (2005). This mandate "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged." *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).

When a plaintiff asserts issue preclusion, the concept is referred to as offensive issue preclusion, or offensive collateral estoppel. *See* Joseph W. Glannon, *Civil Procedure: Examples & Explanations* ch. 27, 507–10 (4th ed., Aspen Law & Business 2001). Nonmutual offensive estoppel arises when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated with another party. *See id.* The Supreme Court has affirmed the benefits of offensive collateral estoppel, as long as, the party against whom an earlier decision is asserted had a full and fair opportunity to litigate that issue in the earlier case. *See Allen v. McCurry*, 449 U.S. 90, 94–95, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 n. 11, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

The First Circuit has further elaborated on what is needed in nonmutual offensive collateral estoppel, encompassing the most important question—whether the defendant received a "full and fair opportunity to litigate their claims." *Parklane*, 439

U.S. at 329, 99 S.Ct. 645. The court considers the following four factors: 1) an identity of issues (that is, that the issue sought to be precluded is the same as that which was involved in the prior proceedings); 2) actuality of litigation (that is, that the point was actually litigated in earlier proceedings); 3) finality of the earlier resolution (that is, that the issue was determined by a valid and binding final judgment or order); and 4) the centrality of the adjudication (that is, that the determination of the issue in the prior proceeding was essential to the final judgment or order). *Acevedo–Garcia v. Monroig*, 351 F.3d 547, 576 (2003). The same analysis is used when the prior state proceeding was a criminal case. *See Cardillo v. Zyla*, 486 F.2d 473, 474 (1st Cir.1973) (holding that a civil claim is barred by collateral estoppel even though the prior adjudication was in criminal proceedings and the parties are not the same because the matters were actually litigated and decided in the prior trial).

Puerto Rico's doctrine of preclusion, codified at P.R. Laws Ann. tit. 31, § 3343, provides in pertinent part: "[i]n order that the presumption of the *res judicata* may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such." Although this provision refers to *res judicata*, it has also been applied for purposes of collateral estoppel. *See Baez–Cruz v. Municipality of Comerio*, 140 F.3d 24, 29 (1998). Similarly, the requirement of mutuality—that there be the "most perfect identity" between the parties—has also been relaxed. *Id.; Schneider v. Colegio de Abogados*, 670 F.Supp. 1098, 1103 (D.P.R. 1987) (holding that even without satisfying the perfect identity of persons, things and

issue, a party may still invoke collateral estoppel).

Accordingly, when an issue "essential to the prior judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive in subsequent litigation among the parties." *Felix Davis v. Vieques Air Link*, 892 F.2d 1122, 1124–25 (1st Cir.1990) (citing *Pereira v. Hernandez*, 1961 WL 13846, 83 D.P.R. 160, 161 (1961)).

### B. Plaintiffs Burden of Proof

■ The party seeking to impose issue preclusion must demonstrate that the issue to be given preclusive effect was actually litigated in the prior proceedings. *Acevedo–Garcia*, 351 F.3d at 576. It is not enough that the plaintiff introduce the decision of the state court. *See id.* Rather, plaintiffs must introduce a sufficient record of the prior proceedings to enable the court to pinpoint the exact issues previously litigated. *See id.* In the present case, plaintiffs have only satisfied their burden on the aggravated assault conviction.

■ Plaintiffs have demonstrated that Rivera–Lugo's convictions were actually litigated, were "final and unappealable," and were the central issue of the prior proceeding. *See Cruz v. Melecio*, 204 F.3d 14, 20–21 (1st Cir.2000) (finding that a judgment is "final and unappealable" when all available appeals have been exhausted or the time for taking them has expired). Rivera–Lugo was found guilty of aggravated assault and institutional abuse and the convictions have never been disturbed. Although Rivera–Lugo's criminal case was appealed, it was only appealed on whether the Court of First Instance abused its discretion by giving the defendant a suspended sentence. The actual conviction was never contested and the appeal went through both the intermediate appellate court and the highest court of the Com-

monwealth. The court's next inquiry is determining exactly which issues are to be precluded.

From the record, the court can clearly determine that Rivera–Lugo was convicted of two counts of aggravated assault and therefore of using force or violence on Mario Miguel with the intent of injuring him. *See* P.R. Laws Ann. tit. 33, §§ 4031 & 4032. Thus, Rivera–Lugo's conviction on this charge is given preclusive effect. Defendants are barred from discovering or presenting at trial, any facts concerning the manner, place and time in which the aggravated assaults, as found by final judgment of the Puerto Rico courts, were committed.

On the other hand, the court cannot determine the preclusive effect of Rivera–Lugo's conviction on the charges of institutional abuse. Institutional abuse encompasses several types of abuse including, physical, psychological and sexual abuse. *See* P.R. Laws Ann. tit. 8, § 443q. The court is aware that plaintiffs have made several allegations of sexual abuse. However, the court also notes that plaintiff was initially charged with lascivious acts, which is a crime of a sexual nature, but was not found guilty of the same. Instead, during trial the charge was "reclassified" to aggravated assault. The statute on institutional abuse is too broad and without further information, the court cannot make an appropriate determination on the issues adjudicated. Plaintiffs have not met their burden with regards to the conviction on institutional abuse because they did not introduce a sufficient record of the prior proceedings to enable the court to pinpoint the exact elements of the offense. In light of this, the court does not preclude defendants from attacking Rivera–Lugo's conviction on institutional abuse, whether sexual in nature or not.

Finally, plaintiffs request that the court find defendants liable for any and all damages resulting from the preclusive effect given to Rivera–Lugo's convictions. The court cannot grant plaintiff's request at this time. The court finds that there are issues in dispute that cannot be settled as matters of law. Where there are issues in dispute, the court cannot grant summary judgment. Plaintiffs motion on this issue is denied.

## IV. Conclusion

Therefore, where plaintiffs have met the requirements of both the procedure of summary judgment and the application of issue preclusion on the aggravated assault conviction only, partial summary judgment is appropriate. Plaintiffs motion is **GRANTED** in part, and **DENIED** in part.

**SO ORDERED.**